United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Peter J. Graves,  
        Debtor.
_____/

Case No. 10-53046-R
Chapter 7

Basil Simon,
        Plaintiff,

v.

Adv. No. 12-4745

Patrick R. Smorra,
        Defendant.
_____/

## Opinion Regarding Motion for Summary Judgment

### I.

On April 20, 2012, the trustee filed this adversary proceeding against Patrick Smorra seeking to recover funds transferred from the debtor as part of an alleged Ponzi scheme. The complaint seeks to recover three transfers: A) $168,000 on July 1, 2006; B) $63,600 on February 1, 2009; and C) $18,000 on May 22, 2009. The claim as to transfer A has been dismissed because it was made outside of the two year statute of limitations.

The trustee alleges in Count 1 that the transfers are avoidable under 11 U.S.C. § 548(a)(1)(A). Count 2 seeks avoidance under § 548(a)(1)(B). Count 3 alleges that the transfers were fraudulent under M.C.L. § 566.34(1)(a). Count 4 alleges that the transfers were fraudulent under M.C.L. § 566.34(1)(b). Count 5 alleges that the transfers were fraudulent under M.C.L. § 566.35. Count 6 alleges usurious interest, but the parties have stipulated to dismiss this claim.

The defendant filed a motion for summary judgment as to all counts. For the reasons set

forth below, the motion is granted as to counts 2 and 5.

## II.

Pursuant to § 548(a)(1)(B) and M.C.L. § 566.35(1), a transfer is deemed fraudulent and is thus avoidable if it was made for less than reasonably equivalent value and while the debtor was insolvent.

The Bankruptcy Code does not define the phrase "reasonably equivalent value." For purposes of § 548, "value," is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but [it] does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." 11 U.S.C. § 548(d)(2)(A).

The Michigan fraudulent transfer statutes define "value" in terms virtually identical to the definition in § 548(d)(2)(A). *See* Mich. Comp. Laws § 566.33(1). *See also Gold v. Marquette University* (*In re Leonard*), 454 B.R. 444, 455 (Bankr. E.D. Mich. 2011).

"Payment of a preexisting debt is value, and if the payment is dollar-for-dollar, full value is given." 5 Collier on Bankruptcy ¶ 548.03[5] (16th ed. 2012). Therefore, to the extent a transfer constitutes repayment of the debtor's antecedent or present debt, the transfer is not constructively fraudulent. *See Freeland v. Enodis Corp.*, 540 F.3d 721, 735 (7th Cir. 2008) (holding that there is "reasonably equivalent value" where "payment of the accrued interest constituted 'dollar-for-dollar forgiveness of a contractual debt.'") (quoting *Daly v. Deptula* (*In re Carrozzella & Richardson*), 286 B.R. 480, 491 (D. Conn. 2002)).

Here, the trustee's Ex. B, attached to his response to the defendant's motion for summary judgment, indicates that transfers B and C were made in payment of accrued interest owed pursuant to the promissory notes. In the alternative, if the debtor was perpetrating a Ponzi scheme, as the
2

forth below, the motion is granted as to counts 2 and 5.

## II.

Pursuant to § 548(a)(1)(B) and M.C.L. § 566.35(1), a transfer is deemed fraudulent and is thus avoidable if it was made for less than reasonably equivalent value and while the debtor was insolvent.

The Bankruptcy Code does not define the phrase "reasonably equivalent value." For purposes of § 548, "value," is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but [it] does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." 11 U.S.C. § 548(d)(2)(A).

The Michigan fraudulent transfer statutes define "value" in terms virtually identical to the definition in § 548(d)(2)(A). *See* Mich. Comp. Laws § 566.33(1). *See also Gold v. Marquette University* (*In re Leonard*), 454 B.R. 444, 455 (Bankr. E.D. Mich. 2011).

"Payment of a preexisting debt is value, and if the payment is dollar-for-dollar, full value is given." 5 Collier on Bankruptcy ¶ 548.03[5] (16th ed. 2012). Therefore, to the extent a transfer constitutes repayment of the debtor's antecedent or present debt, the transfer is not constructively fraudulent. *See Freeland v. Enodis Corp.*, 540 F.3d 721, 735 (7th Cir. 2008) (holding that there is "reasonably equivalent value" where "payment of the accrued interest constituted 'dollar-for-dollar forgiveness of a contractual debt.'") (quoting *Daly v. Deptula* (*In re Carrozzella & Richardson*), 286 B.R. 480, 491 (D. Conn. 2002)).

Here, the trustee's Ex. B, attached to his response to the defendant's motion for summary judgment, indicates that transfers B and C were made in payment of accrued interest owed pursuant to the promissory notes. In the alternative, if the debtor was perpetrating a Ponzi scheme, as the

trustee contends, then transfers B and C were in satisfaction of the defendant's claim for restitution against the debtor. *Donell v. Kowell*, 533 F.3d 762, 771 (9th Cir. 2008). In either case, the transfers were in exchange for reasonably equivalent value and cannot be the subject of a fraudulent transfer claim. Summary judgment is therefore granted as to counts 2 and 5.

The Court, however, concludes that genuine issues of material fact exist as to: 1) whether a Ponzi scheme existed; 2) if so, when the Ponzi scheme began, and 3) whether the defendant acted in good faith in accepting the transfers under § 548(c). Accordingly, summary judgment is denied as to the remaining counts.

Not for Publication

**Signed on May 09, 2013**

                                                /s/ Steven Rhodes
                                                **Steven Rhodes**
                                                 **United States Bankruptcy Judge**